UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERAMY MICHAEL CARDELL HILL,

                Plaintiff,

      -against-

GO DADDY COMPANY, *et al.*,

                Defendants.

19-CV-4070 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332, against GoDaddy Company and its Founder, Chief Executive Officer, and Chairman. By order dated May 28, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint as frivolous.

## STANDARD OF REVIEW

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

      A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The following claims are taken from the complaint: Plaintiff "creat[ed] the most precious domain in the universe[,] 'THEPRECIOUSCREATIONSYSTEM.COM' . . . in the year 2017." (Compl. at 6.) He registered the domain name with GoDaddy, and for the past two years he has "waited" for GoDaddy "to[ ] send a check out of respect, but no check has come." (*Id.*) But despite GoDaddy's failure to send Plaintiff a check, Plaintiff did not sue GoDaddy in 2017, because he is not "looking to su[e]" GoDaddy for his "creations, but looking for some compensation for creating an 'Infinity Doman.'" (*Id.* at 6, 7.)

> An "Infinity Doman" is a domain that['s] worth is endless. . . . There are only three "Infinity Domains" in the world, they are [Plaintiff's] "thesocialmusicclub.com," "thepreciouscreationsystem.com," [and] "ultraultimatemarvelousgeniouswebsite.com" also known as "Ulton."

(*Id.* at 7.) Apparently, "[t]he Social Music Club is the smartest thing in the universe, and expands your brain." (*Id.*) Moreover, "[t]he Precious Creations system is a[ ] 'Zillion Dollar' domain, and nothing can beat this domain." (*Id.* at 8.)

Plaintiff acknowledges that he "currently already [has] two lawsuits with 'Go Daddy Company'" in New York Supreme Court." (*Id.* at 7.) In fact, Plaintiff also filed a complaint against GoDaddy in the Eastern District of New York that was dismissed as frivolous. *Cordell[1] Hill v. GoDaddy Co.*, No. 18-CV-5251 (WKF) (LB) (E.D.N.Y. Oct. 29, 2019).

---

[1] The spelling of Plaintiff's last name in the case he filed in the Eastern District is

2

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket.

Plaintiff has consented to electronic service, so the Clerk of Court does not need to mail a copy of this order to Plaintiff.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

different, but he clearly is the same individual who filed that case because all of his other names are the same, and the allegations are nearly duplicative.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 29, 2019
          New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.